COLE, Judge.
This case involves a rear-end collision which occurred on Perkins Road at the foot of the Perkins Road overpass. On December 13, 1979, a Lincoln Continental driven by Amy Alexander and a Toyota Corolla driven by Daisy Mehrotra (owned by R. P. Yadav) were being driven in a westerly direction on Perkins Road. A car driven by Vera Procell (owned by Camille Cutrone) was traveling north on Christian Street, approaching the Christian Street and Perkins Road intersection. Ms. Procell failed to stop at the stop sign and proceeded to make a left-hand turn onto Perkins Road, directly in front of the Alexander car. This maneuver caused the Alexander vehicle to come to a sudden stop and fishtail slightly. Ms. Alexander managed to avoid a collision and the Procell vehicle accelerated away from the intersection and proceeded up the incline of the overpass. The Mehrotra car, traveling approximately five (Toyota) car lengths behind Ms. Alexander, was unable to stop in time and collided with the Alexander automobile.
R. P. Yadav filed suit against Procell and Cutrone for property damage in the amount of $1,500.00. The case was tried and judgment rendered in favor of Yadav, finding Procell had been negligent in entering the intersection without stopping and finding no contributory negligence on the part of Ms. Mehrotra.
Ms. Procell has appealed, arguing the court erred in failing to find Ms. Mehrotra contributorily negligent. After carefully examining the record we conclude there has been no manifest error on the part of the trial court. Ms. Procell’s negligence created the dangerous situation and the accident between the Alexander and Mehrotra vehicles was unavoidable.
*1376 At trial, Officer Terry Wilson of the Baton Rouge Police Department testified he had been driving east on the Perkins Road overpass and witnessed the entire accident. He stated both the Alexander and Mehrotra vehicles were traveling at the same speed, which he approximated to be about 30 miles per hour. He and Ms. Mehrotra both testified the Mehrotra car was about five car lengths behind the Alexander car.
Appellant’s main contention is that since Ms. Alexander was able to stop in time to avoid an accident then Ms. Mehrotra should have been able to do the same. Appellant argues the Alexander vehicle had only thirty feet in which to stop while the Toyota had 75 to 100 feet in which to stop. This calculation was based on Officer Terry’s estimation that the Toyota was 15 to 20 feet long. We do not accept this stopping distance as being accurate. There was no formal accident investigation or other evidence establishing the distance of the Alexander car from the intersection (i. e., the number of feet in which it had to stop). The Alexander car was not faced with having to avoid a collision with a stationary automobile in its path. To the contrary, the Procell vehicle was moving at all times and was described to have “accelerated” out of the intersection. It is an unfair comparison to say that because the Alexander vehicle avoided the collision, the Mehrotra car should have been able to do the same. The Mehrotra car was faced with the dilemma of avoiding a collision with a stationary[1] automobile in its path which is more difficult to prevent than the situation Ms. Alexander faced.
The trial court obviously concluded appellant did not bear the burden of proving contributory negligence.
Because we find no manifest error in the trial court’s decision, we affirm the judgment. Appellant is to pay all costs.
AFFIRMED.

. Ms. Mehrotra testified that the Alexander vehicle was almost or completely stopped when she hit it.